**BERGMAN & GUTIERREZ LLP**
PENELOPE P. BERGMAN, ESQ., SBN 220452
penelope@b-g-law.com
DEBORAH P. GUTIERREZ, ESQ., SBN 240383
deborah@b-g-law.com
AMANDA L. GRAY, ESQ., SBN 244644
amanda@b-g-law.com
6100 Center Drive, Suite 1050
Los Angeles, California 90045
T: (310) 893-6200; F: (310) 988-2930

Attorneys for Plaintiff,
Felizabeth S. Escuadro

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIZABETH S. ESCUADRO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A., SUCCESSOR IN INTEREST TO WASHINGTON MUTUAL BANK, N.A. F/K/A WASHINGTON MUTUAL BANK, F.A.; JPMORGAN CHASE BANK; DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-AR1; and Does 1 – 10, inclusive,<br><br>Defendants. | Case No. SACV11-01584 FMO (RNBx)<br><br>Judge: Hon. Fernando M. Olguin<br>Courtroom No.: 22 - 5th Floor<br><br>**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Federal Complaint Filed: October 13, 2011<br>Trial Set: February 18, 2014 |

Pursuant to Local Rule 16-4, Plaintiff Felizabeth S. Escuadro ("Plaintiff") submits this Memorandum of Contentions of Fact and Law:

-1-
**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

1. **Claims and Defenses**
   a) <u>**Summary of Plaintiff's Claims**</u>
      i. <u>Plaintiff's First Claim</u>: Plaintiff pleads Defendant JPMorgan Chase Bank, N.A. ("Defendant") breached a repayment plan contract it entered into with Plaintiff
   b) <u>**Elements of Plaintiff's Claim for Breach of Contract**</u>
      1. Plaintiff and Defendant entered into a contract [Repayment Plan];
      2. Plaintiff did all, or substantially all, of the significant things that the contract required her to do. [or] Plaintiff was excused from having to do all, or substantially all, of the significant things that the contract required her to do;
      3. All the conditions that were required for Defendant's performance occurred or were excused;
      4. Defendant failed to do something that the contract required it to do [or] Defendant did something that the contract prohibited it from doing;
      5. Plaintiff was harmed by Defendant's conduct;
      6. Plaintiff suffered damages:
         a. Past loss including:
            - $25,000 in RPP payments;
            - lost the opportunity to have her late fees waived;
            - lost the opportunity to put her account in current status without having to reinstate the Loan;
            - damage to her credit;
            - accrued further late fees, interest, and penalties
         b. Future loss including:
            - is in imminent danger of losing Cool Oak in foreclosure to which she has strong emotional ties and at least $1.3 million in equity; the equity was earned through Plaintiff's cash investment of more than $625,000.00 into the

subject property (including: $115,000 down payment; est. $275,000.00 upgrades; over $250,000.00 mortgage payments). See Judicial Council of California, Civil Jury Instructions, CACI: VF-300, as approved at the December 13, 2013, Judicial Council Meeting.

### c) <u>Key Evidence in Support of Plaintiff's Claim for Breach of Contract</u>

**Element 1:** The key evidence that Plaintiff and Defendant entered into a contract includes (a) executed Repayment Plan contract; (b) Defendant's internal "All Notes"; and (c) the testimony of Plaintiff. On November 12, 2009, Plaintiff contacted Defendant who offered her a repayment plan that would allow her to become current (the "RPP"). The RPP provided for a $7,628.70 payment on November 30, 2009 and eleven monthly payments of $4,649.42 due on the 30th of each month (with the exception of February, for which the payment was due on the 28th). Pursuant to the RPP, upon receipt of the first payment, Chase would cease its foreclosure efforts; upon receipt of all twelve payments, Chase would waive her late fees and Faye's account would be put in current status. Plaintiff accepted the offer. That same day, Defendant presented Plaintiff with the terms of the RPP in writing.

**Element 2:** The key evidence that Plaintiff did all, or substantially all, of the significant things that the contract required her to do [or] Plaintiff was excused from having to do all, or substantially all, of the significant things that the contract required her to do includes: (a) payment history; (b) Defendant's internal "All Notes"; (c) cancelled checks; (d) the testimony of Plaintiff; and (e) Defendant's correspondence returning Plaintiff's payment. Plaintiff made her November 2009, December 2009, and January 2010 payments pursuant to the RPP. On February 4, 2010, Defendant initiated foreclosure proceedings. Plaintiff contacted Defendant regarding the initiation of foreclosure, the representative was unaware of the RPP and told Plaintiff that she only had two options, to fully reinstate the Loan or apply for a loan modification. Defendant then returned Plaintiff's timely February 2010 payment in early March 2010 on the basis that the payment "does not fully reinstate the loan." Plaintiff timely submitted her

March 2010 payment, but again, it was returned on the basis that the payment "does not fully reinstate the loan." Throughout April and May 2010, Plaintiff continued to call Defendant in an effort to convince them to proceed under the RPP, but she was repeatedly instructed not to send any further RPP payments and that she had only two options—to fully reinstate the Loan or to apply for a loan modification.

**Element 3:** The key evidence that all the conditions that were required for Defendant's performance occurred or were excused includes: (a) executed Repayment Plan contract; (b) Defendant's internal "All Notes"; (c) payment history; and (d) the testimony of Plaintiff. Plaintiff made her November 2009, December 2009, and January 2010 payments pursuant to the RPP. On February 4, 2010, Defendant initiated foreclosure proceedings. Defendant then returned Plaintiff's timely February 2010 payment in early March 2010 on the basis that the payment "does not fully reinstate the loan." Plaintiff timely submitted her March 2010 payment, but again, it was returned on the basis that the payment "does not fully reinstate the loan."

**Element 4:** The key evidence that Defendant failed to do something that the contract required it to do [or] Defendant did something that the contract prohibited it from doing includes: (a) executed Repayment Plan contract; (b) Defendant's internal "All Notes"; (c) payment history; (d) the testimony of Plaintiff; and (e) Defendant's correspondence returning Plaintiff's payment. On February 4, 2010, Defendant initiated foreclosure proceedings. Plaintiff contacted Defendant regarding the initiation of foreclosure, the representative was unaware of the RPP and told Plaintiff that she only had two options, to fully reinstate the Loan or apply for a loan modification. Defendant then returned Plaintiff's timely February 2010 payment in early March 2010 on the basis that the payment "does not fully reinstate the loan." Plaintiff timely submitted her March 2010 payment, but again, it was returned on the basis that the payment "does not fully reinstate the loan." Throughout April and May 2010, Plaintiff continued to call Defendant in an effort to convince them to proceed under the RPP, but she was

-4-
**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

repeatedly instructed not to send any further RPP payments and that she had only two options—to fully reinstate the Loan or to apply for a loan modification.

**Element 5:** The key evidence that Plaintiff was harmed by Defendant's conduct includes: (a) executed Repayment Plan contract; (b) Defendant's internal "All Notes"; (c) payment history; (d) the testimony of Plaintiff; (e) Defendant's correspondence returning Plaintiff's payment; (f) real estate comparable listings; and (g) appraisal. Plaintiff lost the opportunity to become current on the Loan without having to fully reinstate the Loan, lost the opportunity to have her late fees waived, lost over $25,000 in RPP payments that could have been applied to another foreclosure alternative, suffered emotional distress resulting in migraines and anxiety, and is in imminent danger of losing Cool Oak, to which she has strong emotional ties and substantial equity.

**Element 6:** The key evidence that Plaintiff suffered damages includes: (a) executed Repayment Plan contract; (b) Defendant's internal "All Notes"; (c) payment history; (d) the testimony of Plaintiff; (e) Defendant's correspondence returning Plaintiff's payment; (f) real estate comparable listings; and (g) appraisal.  Plaintiff lost the opportunity to become current on the Loan without having to fully reinstate the Loan, lost the opportunity to have her late fees waived, lost over $25,000 in RPP payments that could have been applied to another foreclosure alternative, suffered emotional distress resulting in migraines and anxiety, and is in imminent danger of losing Cool Oak, to which she has strong emotional ties and substantial equity.

### d)  Summary of Defendant's Counterclaims and Affirmative Defenses

**Fifth Affirmative Defense:** Plaintiff is estopped from asserting and/or recovering on any claims against Defendants by reason of Plaintiff's own acts, omissions, and conduct.

**Sixth Affirmative Defense**: Plaintiff is barred by the equitable doctrine of waiver from asserting any claim against Defendants.

**Seventh Affirmative Defense:** The SAC, including each and every purported cause of action contained therein, is barred by Plaintiff's consent.

**Ninth Affirmative Defense:** To the extent Plaintiff suffered any damages, which Defendants deny, those damages are barred, in whole or in part, by Plaintiff's failure to take reasonable efforts to mitigate her damages.

**Tenth Affirmative Defense:** The omissions, conduct, and voluntary acts of Plaintiff and/or a third party proximately caused, or otherwise contributed to, the matters of which Plaintiff complains.

e)      **Elements of Defendant's Affirmative Defenses**

Elements of Fifth and Tenth Affirmative Defenses:

Defendant must show either:

1. Plaintiff and Defendant did not enter into a contract;

2. Plaintiff did not perform under the contract and was not excused from performing;

3. All conditions required for Defendant's performance did not occur and were not excused;

4. Defendant performed under the contract.

5. Plaintiff was not harmed by Defendant's conduct;[OR]

6. Plaintiff did not suffer damages

See Judicial Council of California, Civil Jury Instructions, CACI: VF 300, as approved at the December 13, 2013, Judicial Council Meeting

Elements of Sixth Affirmative Defense of Waiver:

To prevail on waiver, Defendant must prove:

1. That Plaintiff knew Defendant was required to perform under the Repayment Plan; and

2. That Plaintiff freely and knowingly gave up her right to have Defendant perform these obligations.

*See* Judicial Council of California, Civil Jury Instructions, CACI: 336, as approved at the December 13, 2013, Judicial Council Meeting

Elements of Seventh Affirmative Defense of Consent:

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

Defendant must show Plaintiff consented to the alleged conduct.

Elements of Ninth Affirmative Defense:

Defendant must prove Plaintiff failed to take reasonable efforts to mitigate her damages.

### f) Key Evidence in Opposition to Defendant's Affirmative Defenses

Fifth and Tenth Affirmative Defenses:

Plaintiff incorporates each of her statements reflected in her key evidence in support of her claim for breach of contract.

Sixth Affirmative Defense of Waiver:

Plaintiff did not freely and knowingly give up her right to have Defendant perform its obligations under the contract. The evidence Plaintiff will rely on includes: (a) executed Repayment Plan contract; (b) Defendant's internal "All Notes"; (c) payment history; (d) the testimony of Plaintiff; (e) Plaintiff's correspondence to Defendant submitting payments and the executed RPP; and (f) Defendant's correspondence returning Plaintiff's payments.

Seventh Affirmative Defense of Consent:

Plaintiff did not consent to Defendant's conduct alleged in the SAC. The evidence Plaintiff will rely on includes: (a) executed Repayment Plan contract; (b) Defendant's internal "All Notes"; (c) payment history; (d) the testimony of Plaintiff; and (e) Defendant's correspondence returning Plaintiff's payment.

Ninth Affirmative Defense:

Plaintiff did not fail to mitigate her damages. Rather, Plaintiff sought other alternatives to saving her home prior to initiating the instant action. The evidence Plaintiff will rely on includes: (a) executed Repayment Plan contract; (b) Defendant's internal "All Notes"; (c) the testimony of Plaintiff; (d) Chase's payment history; and (e) Defendant's January 15, 2013 correspondence.

### g) Similar statements for all third parties

Not applicable.

      **h)**    **Anticipated evidentiary issues and Plaintiff's Position**

Plaintiff does not anticipate any evidentiary issues.

      **i)**    **Issues of law**

Plaintiff is unaware of any anticipated legal issues.

**3.  Bifurcation**

Plaintiffs do not request bifurcation of any issues.

**4.  Jury Trial**

Plaintiff made a timely demand for a jury trial in Plaintiff's original Complaint and all subsequent complaints, including the operative Second Amended Complaint. Plaintiff believes all issues are triable by a jury, except as to those which may be determined by the pending Motion for Summary Judgment.

**5.  Attorneys' Fees**

Plaintiff is not seeking attorney's fees.

**6.  Abandonment of Issues**

Plaintiff has not abandoned any claims since filing her Second Amended Complaint.

Dated:    January 17, 2014    **BERGMAN & GUTIERREZ LLP**

    By:  */s/ Amanda L. Gray*
           Penelope P. Bergman
           Deborah P. Gutierrez
           Amanda L. Gray
           Attorneys for Plaintiff Felizabeth S. Escuadro

## Certificate of Service

    I, Amanda L. Gray, attorney of record in this matter, hereby certify that on January 17, 2014, in accordance with the registered case participants and in accordance with the procedures set forth at the United States District Court, Central District of California, service of a true and correct copy of this document was accomplished pursuant to ECF electronic delivery.

                                                             By:   */s/ Amanda L. Gray*
                                                                          Amanda L. Gray